CATHERINE BRADFORD, Appellant, v. THE BOARD OF SUPERVISORS OF EMMET COUNTY, IOWA, and DRAINAGE DISTRICT No. 56, of said County, Appellees.

Drainage: ASSESSMENT: NOTICE OF APPEAL: JURISDICTION. Where the notice of appeal from an assessment for drainage purposes is given by one previously a stranger to the proceedings, in which specific land is described as belonging to the appellant, the district court does not

acquire jurisdiction to review the assessment of other land within the district.

**Same:** APPEAL: TRIAL DE NOVO. Drainage proceedings are triable *de novo* on appeal, and the question of jurisdiction may be raised at any stage of the proceedings, either in the trial court or on appeal.

*Appeal from Emmet District Court.*—HON. A. D. BAILIE, Judge.

THURSDAY, APRIL 10, 1913.

THIS is an appeal in a drainage proceeding. The appellant has appealed from an order of the district court confirming an assessment of benefit made upon her land by the board of supervisors of Emmet county.—*Dismissed.*

*James Deland* and *S. G. Bammer,* for appellant.

*James W. Morse,* for appellees.

EVANS, J.—We are confronted with a question of jurisdiction to which we must give our first consideration. The appellant is the owner of a farm of one hundred and forty acres known in this record as the S. E. ¼ of section 14—99—33, although the farm does not in fact comprise the entire quarter section. At the time appellant acquired her ownership the land had already been included within a drainage district No. 56, and the drainage proceedings were still pending before the board of supervisors. In the record of proceedings this land appeared as the property of one Jamison, who, as we understand the record, was the owner of the same when the proceedings were begun. By the report of the commissioners assessments were proposed against this land in the name of Jamison. Within the time provided by statute written objections were filed to the commissioners' report as to this

1. DRAINAGE: assessment: notice of appeal: jurisdiction.

land. The introductory part thereof was as follows: "To the Honorable Board of Supervisors of Emmet County, Iowa: The Bradford Real Estate Company objects to their assessment on their farm of 140 acres included in drainage district No. 56, in Emmet county, state of Iowa. Being the S. E. ¼ of Sec. 14, Twp. 99, Range 33 west, for a total amount of $630.00 for the reasons, to-wit:" These objections were signed by attorneys who denominated themselves as "attorneys for complainant." After the final order by the board of supervisors and within the statutory time, the appellant herein served the following notice of appeal: "To the Honorable Board of Supervisors of Emmet County, Iowa: You, and each of you, are hereby notified that Catherine Bradford appeals and has this day appealed from the order or assessment of the board of supervisors made upon her land in drainage district No. 56 in Emmet county, Iowa, in the sum of $776.00 made on or about June 16, 1911. That the said Catherine Bradford is the owner of the said land to-wit: The N. E. ¼ Sec. 14, Twp. 99, R. 33 W., and appeals from the said assessment of $776.00 for the reason that said assessment is excessive and in excess of the benefits conferred by the said drainage ditch."

Prior to this notice of appeal the name of the appellant did not appear in any manner upon the record of the proceedings. The question presented is whether this notice of appeal is sufficient to permit a review of the assessment of benefit made against the S. E. ¼ of section 14—99—33. It will be noted that the land described in the notice of appeal is the N. E. ¼ of section 14—99—33. The N. E. ¼ of section 14—99—33 was also included within the drainage district, and the assessment thereon was approximately the same as on the S. E. ¼. If the name of appellant had appeared in the record before the board as the owner of the S. E. ¼, or if she had appeared before the board as a complainant and as the alleged owner of the S. E. ¼, there would be some reason for treating the description in the notice as

an obvious clerical error. And, again, if she had properly described the assessed land in her notice of appeal, there might be ground for holding her appeal good notwithstanding that the complaint before the board of supervisors was made in the name of another, and perhaps a previous owner. It is shown by the evidence that there was no such company as the Bradford Real Estate Company, but that there was a corporation in Estherville known as the Bradford Company. Whether the appellant was connected with such company does not appear. Whether she acquired her title from such company does not appear. If the notice of appeal under these conditions is sufficient to permit review of the assessment against the S. E. ¼, it would be equally sufficient to permit a review of assessment against any other quarter section which the appellant might have acquired in the district.

Manifestly it would have been sufficient to permit a review of assessment against the N. E. ¼ of section 14—99—33 if the appellant had acquired ownership of same. Her notice of appeal asserted ownership on her part of the N. E. ¼ of section 14. There is nothing in the evidence to contradict such assertion. For aught that appears she had acquired the N. E. ¼ before she served her notice. In such a case, could she ask a review as against the assessment of both quarters, or only as against that of one? If only one, which one? The courts are loath to permit fatality to result from mere mistakes, but there is a limit beyond which they cannot go. In order to confer jurisdiction upon the district court, it was incumbent upon the appellant to perfect an appeal within ten days. The sum of the situation before us is that a stranger to the record of the board of supervisors served a notice of appeal from the assessment against specific land and asserted therein her ownership of such land. In the district court she asked a review of the assessment against other land. The conclusion is unavoidable. We think that

the jurisdiction of the district court was limited to a review of the assessment against the N. E. ¼.

II. It is urged by the appellant that this question was adjudicated against the appellees in the court below, and that it cannot be reviewed here. The appellees raised the question **2. SAME: appeal: trial de novo.** first by motion which was taken by the court under consideration to be determined at the submission of the case. The appellees raised the same question by their answer. The trial court confirmed the assessment on the merits, and made no ruling on the question of jurisdiction. The proceeding is triable here as an equitable proceeding, and the appeal brings the case before us *de novo*. There was no judgment or order from which the appellees could appeal. In any event, the question of jurisdiction necessarily inheres in the case at all stages.

For the reasons indicated, the appeal must be *Dismissed*.